IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. ) ) |
| ASAP TOWING & STORAGE COMPANY, | ) ) |
| Defendant. | ) ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

The United States alleges as follows:

**INTRODUCTION AND NATURE OF ACTION**

1. This action is brought by the United States to enforce the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, against ASAP Towing & Storage Company.

2. The purpose of the SCRA is to provide certain protections to servicemembers so that they can devote themselves fully to the Nation's defense. One of these protections is that a towing company cannot enforce a storage lien on a servicemember's vehicle during, or within ninety days after, a period of military service without a court order. 50 U.S.C. § 3958. This is a strict liability provision of the SCRA. Any court reviewing such a matter may delay enforcement of the storage lien or adjust the amount of the servicemember's obligation to the towing company. *Id.* at § 3958(b).

3. When a towing company fails to obtain a court order prior to auctioning off a servicemember's vehicle, that servicemember is deprived of his or her right to have a court

1

decide whether to postpone the sale or adjust the amount of the fees charged to the servicemember.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. § 4041.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this action occurred in this judicial district.

## PARTIES

5.     Defendant ASAP Towing & Storage Company is a Florida corporation in good standing with a principal address of 503 East Monroe Street in Jacksonville, Florida.

## FACTUAL ALLEGATIONS

6.     Lieutenant Junior Grade ("Lt.")  Zane Robert Berry is a full-time active duty member of the United States Navy who, between about February 26, 2018, and September 9, 2018, was deployed aboard the U.S.S. Florida, a naval submarine.

7.     Prior to his deployment, Lt. Berry signed a one-year lease from January 2018 to January 2019 for a residential apartment at Mirador at River City, a gated apartment complex located at 13100 Broxton Bay in Jacksonville, Florida, that is managed by Olympus Property d/b/a Mirador at River City.  Lt. Berry's rental application listed the United States Navy as his employer.

8.     Prior to his deployment aboard the U.S.S. Florida, Lt. Berry informed Olympus Property of his military deployment and of the fact that his PT Cruiser would be parked in front of his apartment for the duration of that deployment.

9. At all times relevant to the complaint, Lt. Berry's 2005 PT Cruiser had a parking decal from the Goose Creek Naval Nuclear Power Training Command in South Carolina, a Naval installation.

10. Prior to his deployment, Lt. Berry left a gold folder with maroon lettering face up on the passenger's seat of his 2005 PT Cruiser. The folder contained "welcome aboard" documents for the U.S.S. Florida. The front cover of the folder was embossed with "U.S.S. Florida SSGN-728."

11. Prior to his deployment, Lt. Berry left his driver's license, which included his full name and date of birth, in the glove compartment of his 2005 PT Cruiser.

12. On April 2, 2018, ASAP Towing & Storage Company towed Lt. Berry's 2005 PT Cruiser from Mirador at River City at the request of Olympus Property staff because the vehicle had developed a flat tire.

13. On about June 29, 2018, ASAP Towing & Storage Company auctioned off Lt. Berry's 2005 PT Cruiser and its contents, which included several tools, Lt. Berry's driver's license, and a compact disc holder full of music compact discs, including two that were created by Lt. Berry's deceased stepfather and held great sentimental value for Lt. Berry.

14. At no point in time between April 2, 2018, the date ASAP Towing & Storage Company towed Lt. Berry's 2005 PT Cruiser, and June 29, 2018, the date ASAP Towing and Storage sold Lt. Berry's vehicle at auction, did ASAP Towing & Storage obtain a court order allowing the company to auction off the vehicle.

15. ASAP Towing & Storage Company's written policies and procedures required employees, when a vehicle arrived at their "impound," to "look for any military decals on the vehicle . . .."

16. ASAP Towing & Storage Company's written policies and procedures required employees, when a vehicle arrived at their "impound," to "do a visual inspection of [the] interior to see if [there are] any signs of [a] military person owning it."

17. ASAP Towing & Storage Company either failed or refused to follow its written policies and procedures with respect to vehicle inspections, or took no action in response to its inspection of Lt. Berry's 2005 PT Cruiser, which had both a military parking decal on its exterior and a folder with the name of a military submarine face-up in the interior.

18. At all times relevant to this complaint, the Department of Defense provided individuals and entities seeking to comply with the SCRA a free automated database run by the Defense Manpower Data Center ("DMDC database") to check whether an individual is an SCRA protected servicemember.

19. A search of the DMDC database using Lt. Berry's name and date of birth, which were readily available to ASAP Towing & Storage Company from Lt. Berry's driver's license in the glove compartment of the 2005 PT Cruiser, would have revealed that at all times relevant to this complaint, he was in military service.

20. At all times relevant to this complaint, ASAP Towing & Storage Company policies and procedures did not include checking the DMDC database to determine a vehicle owner's military status prior to auctioning off or otherwise disposing of the vehicle without a court order.

21. At all times relevant to this complaint, ASAP Towing & Storage Company policies and procedures did not include using any commercially available databases to match vehicle identification numbers to current owners and registrants prior to auctioning off or otherwise disposing of their vehicles without court orders.

22. At all times relevant to this complaint, ASAP Towing & Storage Company had no written policies requiring it to obtain a court order before auctioning off or otherwise disposing of a servicemember's vehicle.

23. At all times relevant to this complaint, it was ASAP Towing & Storage Company's practice not to seek or obtain court orders to comply with the SCRA prior to enforcing storage liens.

24. Jacksonville, Florida, where ASAP Towing & Storage Company is based, has the third largest military population in the United States, and is home to Naval Station Mayport, Naval Hospital Jacksonville, and Naval Air Station Jacksonville.

25. From January 30, 2013 through the date of the filing of this complaint, ASAP Towing & Storage Company has auctioned off motor vehicles, without court orders, belonging to at least 33 SCRA-protected servicemembers without first obtaining court orders.

## SERVICEMEMBER CIVIL RELIEF ACT VIOLATIONS

26. The SCRA provides that "[a] person holding a lien on the property or effects of a servicemember may not, during any period of military service of the servicemember and for 90 days thereafter, foreclose or enforce any lien on such property or effects *without a court order granted before the foreclosure or enforcement*." 50 U.S.C. § 3958(a)(1) (emphasis added). There is no requirement that a servicemember inform the lien holder of his or her military service.

27. For purposes of 50 U.S.C. § 3958(a)(1), "the term 'lien' includes a lien for storage, repair, or cleaning of the property or effects of a servicemember or a lien on such property or effects for any other reason." 50 U.S.C. § 3958(a)(2).

28. ASAP Towing & Storage Company's actions in auctioning off the vehicles of at least 33 servicemembers, including Lt. Berry, without court orders are violations of the SCRA that raise an issue of significant public importance under 50 U.S.C. § 4041(a)(2).

29. ASAP Towing & Storage Company has engaged in a pattern or practice of violating Section 3958 of the SCRA, 50 U.S.C. § 3958, by auctioning off vehicles belonging to at least 33 SCRA-protected servicemembers, including Lt. Berry, without first obtaining court orders.

30. Lt. Berry and the other servicemembers whose motor vehicles were auctioned off during periods of military service without court orders in violation of the SCRA are "person[s] aggrieved" pursuant to 50 U.S.C. § 4041(b)(2) and have suffered damages as a result of ASAP Towing & Storage Company's conduct.

31. Lt. Berry brought an individual action against ASAP Towing & Storage Company in state court seeking to vindicate his own SCRA rights. *Berry v. Breit Olympus MF FL Venture, LLC*, No. 16-2018-CA-8346 (Fla. Cir. Ct. Jan. 30, 2019), ECF No. 1. That action, however, does not involve any claim for the other servicemembers' rights impacted by ASAP Towing & Storage Company's misconduct.

32. In the state action, ASAP Towing & Storage Company, through its counsel, admitted that it sold Lt. Berry's vehicle without obtaining a court order, but argued that "[r]equiring every vehicle in every city and state to be the subject of a court order before the enforcement of a statutory towing and storage lien, on the chance that the owner is a service member, is an unreasonable burden . . .." Answer to Compl. at 2, 4, *Berry v. Breit Olympus MF FL Venture,* ECF No. 17.

33. ASAP Towing & Storage Company's conduct was intentional, willful, and taken in reckless disregard for the rights of servicemembers.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays that the Court enter an order that:

1. Declares that ASAP Towing & Storage Company's conduct violated the SCRA;

2. Enjoins ASAP Towing & Storage Company, its agents, employees, and successors, and all other persons and entities in active concert or participation with them, from:

   a. auctioning off or otherwise disposing of the motor vehicles of SCRA-protected servicemembers without court orders, in violation of the SCRA, 50 U.S.C. § 3958;

   b. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of ASAP Towing & Storage Company's illegal conduct to the position he or she would have been in but for that illegal conduct; and

   c. failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future and to eliminate, to the extent practicable, the effects of ASAP Towing & Storage Company's illegal conduct;

3. Awards appropriate monetary damages to each identifiable victim of ASAP Towing & Storage Company's violations of the SCRA, pursuant to 50 U.S.C. § 4041(b)(2); and

4. Assesses civil penalties against ASAP Towing & Storage Company in order to vindicate the public interest, pursuant to 50 U.S.C. § 4041(b)(3).

The United States further prays for such additional relief as the interests of justice may require.

Dated: September 10, 2020.

Respectfully submitted,

WILLIAM P. BARR
Attorney General

MARIA CHAPA LOPEZ
United States Attorney
Middle District of Florida

/s/ Eric S. Dreiband
ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

/s/ Tiffany Cummins Nick
TIFFANY CUMMINS NICK
Assistant United States Attorney
Civil Division
United States Attorney's Office
400 West Washington Street, Suite 3100
Orlando, Florida 32801
Florida Bar No. 0053032
Tel: (407) 648-7500
Fax: (407) 648-7643
E-mail: tiffany.nick@usdoj.gov

/s/ Sameena S. Majeed
SAMEENA SHINA MAJEED
Chief
Housing and Civil Enforcement Section

/s/ Elizabeth A. Singer
ELIZABETH A. SINGER
Director
U.S. Attorneys Fair Housing Program
Housing and Civil Enforcement Section

/s/ Tanya Ilona Kirwan
TANYA ILONA KIRWAN, MD Bar
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
4 Constitution Square
150 M Street, N.E., Suite 8.125
Washington, D.C. 20530
Email: tanya.kirwan@usdoj.gov
Tel: 202-305-4973
Fax: 202-514-1116

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
ASAP Towing & Storage Company

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Duval
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Tiffany Cummins Nick, Assistant United States Attorney
Civil Division - United States Attorney's Office
400 W. Washington St., Suite 3100, Orlando, FL 32801 (407) 648-7500

Attorneys *(If Known)*
Barry A. Bobek, Esq.
Law Offices of Barry A. Bobek, P.A.
503 East Monroe St., Jacksonville, FL 32202

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*  Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | |
| [ ] 195 Contract Product Liability | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 850 Securities/Commodities/ Exchange |
| | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 865 RSI (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [X] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | | | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
50 U.S.C. § 3958
Brief description of cause:
Failure to obtain court order before auctioning off vehicles in violation of Servicemembers Civil Relief Act

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 09/10/2020

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Tiffany Cummins Nick/*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE