IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | CIVIL ACTION NO. |
| v.  ) | |
| ) | |
| ASAP TOWING & STORAGE COMPANY  ) | |
| ) | |
| Defendant.  ) | |
| _____ ) | |

## CONSENT ORDER

### I.   INTRODUCTION

1.   This Consent Order resolves the allegations in the United States' Complaint that

Defendant ASAP Towing & Storage Company (hereinafter "Defendant ASAP") violated the

Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, by engaging in a pattern

or practice of enforcing liens on the motor vehicles and other property or effects of SCRA-

protected servicemembers without first obtaining court orders.

2.   Defendant ASAP is a Florida corporation in good standing with a principal

address of 503 East Monroe Street in Jacksonville, Florida.

3.   The United States and Defendant ASAP (hereinafter collectively "the Parties")

agree, *— and the Court independently finds* that the Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1345 and

50 U.S.C. § 4041.



4.   The Parties agree that, to avoid costly and protracted litigation, the claims against

Defendant ASAP should be resolved without further proceedings or an evidentiary hearing.

Defendant ASAP neither admits nor denies the allegations contained in the United States'

1

Complaint.  Therefore, as indicated by the signatures appearing below, the Parties agree to the entry of this Consent Order.

*[handwritten: MMH]*

It is hereby ORDERED, ADJUDGED, and DECREED:

## II.   INJUNCTIVE RELIEF[1]

*[handwritten: who receive actual notice of this order by personal service or otherwise,]*

5.     Defendant ASAP, its officers, employees, agents, representatives, assigns, successors-in-interest, and all persons and entities in active concert or participation with them are hereby enjoined from enforcing storage liens on the personal property and effects of SCRA-protected servicemembers without a court order, during a period of military service or within ninety (90) days of a period of military service.[2]

## III.   COMPLIANCE WITH THE SCRA AND SCRA POLICIES AND PROCEDURES

6.     Within thirty (30) calendar days of the date of entry of this Consent Order, Defendant ASAP shall develop SCRA Policies and Procedures for Enforcing Storage Liens in compliance with 50 U.S.C. § 3958.  These policies and procedures must include the following:

    a.     Prior to enforcing any vehicle storage lien, Defendant ASAP shall use a vehicle's identification number (hereinafter "VIN") to conduct a search on a commercially available public records database to obtain the owner's/owners' name(s) and Social Security Number(s), or, if (a) Social Security Number(s) cannot be found, the owner's/owners' date(s) of birth.

---

[1] Nothing in this Consent Order shall preclude Defendant ASAP from offering greater protections to servicemembers than those afforded by this Consent Order or the SCRA.
[2] For purposes of this Consent Order, the terms "military service" and "period of military service" shall have the definitions set forth in Section 3911 of the SCRA, 50 U.S.C. § 3911(2) and (3).

b.      Defendant ASAP shall then attempt to determine whether any vehicle owner is an SCRA-protected servicemember by searching the Department of Defense Manpower Data Center ("DMDC") website by last name and Social Security Number or, in cases where a Social Security Number could not be found, by last name and date of birth.  When searching the DMDC by Social Security Number or date of birth, if Defendant ASAP is aware of any last name variants or aliases (e.g., maiden names, hyphenated or composite surnames, or variant spellings) used by a vehicle owner, Defendant ASAP shall run a separate DMDC search for each name variant or alias.

c.      In addition to any other reviews Defendant ASAP is required under this Consent Order ⌐to perform to assess protections under the SCRA, Defendant ASAP  shall also attempt to determine whether a particular vehicle is associated with a servicemember who is in a period of military service or within ninety (90) days of a period of military service by: 1) requesting and reviewing any available vehicle ownership information held by a third party where the vehicle tow request to Defendant ASAP came from, or was made on behalf of, that third party (e.g., an apartment complex requesting that a vehicle be towed from its parking area); and 2) inspecting the vehicle for evidence of military service (e.g., military related decals, military license plates, a vehicle registration with a military address, and/or other contents evidencing military service).

d.      If Defendant ASAP determines, as part of the review required by Paragraph 6(a)-(c) before enforcing a lien, that an owner is a servicemember in military service or has left a period of military service within the past ninety (90)

3

days, Defendant ASAP shall not foreclose or enforce the lien against the servicemember's property without first obtaining a court order allowing it to do so.

    e.      If Defendant ASAP pursues a storage lien action in court and an SCRA-protected owner fails to answer the action, before seeking a default judgment, Defendant ASAP shall file an affidavit of military service with the court prepared in accordance with 50 U.S.C. § 3931(a) and (b).  The affidavit must be signed and prepared only after taking the actions necessary to comply with Paragraph 6 and must be executed no more than two (2) business days prior to the date that the request for default judgment is made in the matter.  Defendant ASAP shall attach a copy of a DMDC Status Pursuant to the SCRA ("DMDC Status Report") to the affidavit.  The DMDC Status Report must have been run no more than two (2) days prior to the date when the request for default judgment is made in the matter.

    f.      If Defendant ASAP initiates and pursues a waiver under a written agreement as provided in 50 U.S.C. § 3918, Defendant ASAP must initiate the waiver process with the servicemember at least thirty (30) calendar days in advance of enforcing any storage lien by sending a notice and proposed waiver in the form of Exhibit A to the servicemember.

7.      No later than thirty (30) calendar days after the date of entry of this Consent Order, Defendant ASAP shall provide a copy of the proposed SCRA Policies and Procedures

required under Paragraph 6 to counsel for the United States.[3] The United States shall respond to Defendant ASAP's proposed SCRA Policies and Procedures within thirty (30) calendar days after receipt. If the United States objects to any part of Defendant ASAP's SCRA Policies and Procedures, the Parties shall confer to resolve their differences. If the Parties cannot resolve their differences after good faith efforts to do so, either party may bring the dispute to this Court for resolution. Defendant ASAP shall begin the process of implementing the SCRA Policies and Procedures within ten (10) calendar days of approval by the United States or the Court.

8.      If, at any time during the term of this Consent Order, Defendant ASAP proposes to materially change its SCRA Policies and Procedures, it shall first provide a copy of the proposed changes to counsel for the United States. The United States shall respond to Defendant ASAP's proposed changes within thirty (30) calendar days after receipt. If the United States objects to any part of Defendant ASAP's proposed changes, the Parties shall confer to resolve their differences. If the Parties cannot resolve their differences after good faith efforts to do so, either party may bring the dispute to this Court for resolution.

## IV.   TRAINING

9.      During the term of this Consent Order, Defendant ASAP shall provide annual SCRA compliance training to all of its employees. Defendant ASAP shall also provide SCRA compliance training to any new employee within thirty (30) calendar days of his or her hiring.

10.     Within thirty (30) calendar days of the United States' approval of the SCRA Policies and Procedures pursuant to Paragraph 7, Defendant ASAP shall provide to the United

---

[3] All materials required by this Consent Order to be sent to counsel for the United States shall be sent by commercial overnight delivery addressed as follows: Chief, Housing and Civil Enforcement Section, Civil Rights Division, U.S. Department of Justice, 4 Constitution Square, 150 M Street, Northeast, Washington, DC  20002, Attn: DJ 216-17M-6.

States the curriculum, instructions, and any written material included in the training required by Paragraph 9.  The United States shall have thirty (30) calendar days from receipt of these documents to raise any objections to Defendant ASAP's training materials, and, if it raises any, the Parties shall confer to resolve their differences.  In the event that the Parties are unable to do so, either party may bring the dispute to this Court for resolution.

11.     Defendant ASAP shall secure a signed statement in the form attached as Exhibit B from each employee at the trainings required by Paragraph 9 acknowledging that he or she has received, read, and understands the Consent Order and the SCRA Policies and Procedures, has had the opportunity to have his or her questions about these documents answered, and agrees to abide by them.  For the duration of this Consent Order, copies of those signed statements shall be provided to the United States upon request. *At the request of the United States,* Defendant ASAP shall also certify in writing to counsel for the United States that all employees successfully completed the trainings required by Paragraph 9.  Any expenses associated with the trainings required by Paragraph 9 shall be paid by Defendant ASAP.



## V.     PAYMENTS FOR AGGRIEVED SERVICEMEMBERS

12.     Within thirty (30) calendar days of the effective date of this Consent Order, the United States shall provide Defendant ASAP with a list of individuals it has identified who: 1) had a vehicle sold, auctioned off, or otherwise disposed of by Defendant ASAP between January 30, 2013, and June 9, 2020; 2) were in military service on, or within ninety (90) days of, the date of the sale, auction, or disposal by Defendant ASAP; and 3) had their vehicle sold, auctioned off, or otherwise disposed of without Defendant ASAP first obtaining a court order authorizing such sale, auction, or disposal ("aggrieved servicemembers").  At the same time, the United States shall provide Defendant ASAP with the amount due each aggrieved servicemember ("vehicle

*The form attached as Exhibit B must be revised to include an acknowledgment that the individual has "received, read, and understands the Consent Order."*

value list"). For each aggrieved servicemember, this amount will consist of the estimated trade-in value for his or her vehicle as of the date of the sale, auction, or disposal plus five hundred dollars ($500.00).

*(MMH)*

*entry of*

13.     The United States shall have twelve (12) months from the ~~effective~~ date of this Consent Order to obtain from each aggrieved servicemember a written release of all claims, legal or equitable, that he or she may have against the Defendant ASAP relating to the claims asserted in this case. Such release shall take the form of Exhibit C.

14.     When the United States obtains an executed release in the form of Exhibit C from an aggrieved servicemember, it shall notify Defendant ASAP of that fact in writing. Defendant ASAP shall have fourteen (14) calendar days after such notification by the United States to send counsel for the United States a check made payable to the aggrieved servicemember for the amount specified in the vehicle value list. In no event shall the aggregate of all checks sent to counsel for the United States under this Paragraph exceed a total of ninety-nine thousand five-hundred dollars ($99,500.00).

15.     Once the United States has received from Defendant ASAP a payment made pursuant to Paragraph 14, counsel for the United States shall deliver the original signed release form to counsel for Defendant ASAP, and the payment to the aggrieved servicemember.

## VI.     CIVIL PENALTY

16.     Within ten (10) calendar days of the date of entry of this Consent Order, Defendant ASAP shall pay a total of twenty thousand dollars ($20,000.00) to the United States Treasury as a civil penalty pursuant to 50 U.S.C. § 404l(b)(3) and 28 C.F.R. § 85.5 to vindicate the public interest. The payment shall be made in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.

## VII.   ADDITIONAL REPORTING AND RECORD-KEEPING REQUIREMENTS

17.     For the duration of this Consent Order, Defendant ASAP shall retain all records relating to its obligations hereunder, including its records with respect to all storage lien auctions and all records relating to compliance activities as set forth herein.  The United States shall have the right to review and copy any such records, including electronic data, upon reasonable request during the term of this Consent Order.

18.     During the term of this Consent Order, Defendant ASAP shall notify counsel for the United States in writing every three months of receipt of any SCRA or military-related complaint.  Defendant ASAP shall provide a copy of any written complaints with the notifications.  Whether regarding a written or oral SCRA complaint, the notification to the United States shall include the full details of the complaint, including the complainant's name, address, and telephone number.  Defendant ASAP shall also promptly provide the United States with all information it may request concerning any such complaint, and shall inform the United States in writing within thirty (30) calendar days of the terms of any resolution of such complaint.  If the United States raises any objections to Defendant ASAP's actions, the Parties shall meet and confer to consider appropriate steps to address the concerns raised by the United States' review.  If the Parties are unable to come to an agreement regarding such objections or concerns, any party may bring the dispute to this Court for resolution.

## VIII.   SCOPE OF CONSENT ORDER

19.     The provisions of this Consent Order shall apply to Defendant ASAP and any of its subsidiaries, predecessors, acquired companies, or successors.  It shall also apply to the *[handwritten: the properly noticed]* officers, employees, managers, agents, representatives, assigns, successors-in-interest, and all persons and entities in active concert or participation with all of those persons and entities *[handwritten: who receive actual notice of this Consent Order by personal service or otherwise.]*

*[handwritten initials: MM H]*

*[handwritten initials: mm H]*

8

20.     In the event that Defendant ASAP is acquired by or merges with another entity, Defendant ASAP shall, as a condition of such acquisition or merger, obtain the written agreement of the acquiring or surviving entity to be bound by any obligations remaining under this Consent Order for the remaining term of this Consent Order.

21.     This Consent Order does not release claims for practices not addressed in the Complaint, and it does not resolve and release claims other than claims for violations of 50 U.S.C. § 3958 that may be brought by the United States.  This Consent Order does not release any claims that may be held or are currently under investigation by any other federal or state agency or entity.

22.     Nothing in this Consent Order will excuse Defendant ASAP's compliance with any currently or subsequently effective provision of law or order of a regulator with authority over Defendant ASAP that imposes additional obligations on it.

23.     The Parties agree that, as of the date of entry of this Consent Order, litigation is not "reasonably foreseeable" concerning the matters described above.  To the extent that any party previously implemented a litigation hold to preserve documents, electronically stored information ("ESI"), or things related to the matters described above, the party is no longer required to maintain such litigation hold.  Nothing in this Paragraph relieves any party of any other obligations imposed by this Consent Order.

## IX.    MODIFICATIONS, ATTORNEY'S FEES AND COSTS, AND REMEDIES FOR NON-COMPLIANCE

24.     Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the Parties.

25.     The Parties shall be responsible for their own attorney's fees and court costs, except as provided for in Paragraph 26.

26.     The Parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of, and compliance with, this Consent Order prior to bringing such matters to the Court for resolution.  However, in the event the United States contends that there has been a failure by Defendant ASAP, whether willful or otherwise, to perform in a timely manner any act required by this Consent Order or otherwise comply with any provision thereof, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring the performance of such act or deeming such act to have been performed, and an award of any damages, costs, and attorney's fees which may have been occasioned by Defendant's violation or failure to perform.

## X.     RETENTION OF JURISDICTION

27.     The Court shall retain jurisdiction over all disputes between the Parties arising out of the Consent Order, including but not limited to interpretation and enforcement of the terms of the Consent Order.

28.     This Consent Order shall be in effect for a period of five (5) years from its date of entry, after which time this case shall be dismissed with prejudice.  The United States may move the Court to extend the duration of this Consent Order in the interests of justice.

SO ORDERED

This _15_ day of _October_, 2020.



Copies to:
Counsel of Record
Barry A. Bobek, Esq.
Law Offices of Barry A. Bobek, P.A.
503 East Monroe Street
Jacksonville, FL 32202

_Marcia Morales Howard_
UNITED STATES DISTRICT JUDGE

10

For Plaintiff United States of America:

WILLIAM P. BARR
Attorney General

MARIA CHAPA LOPEZ
United States Attorney
Middle District of Florida

/s/ Eric S. Dreiband
ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

/s/ Tiffany Cummins Nick
TIFFANY CUMMINS NICK
Assistant United States Attorney
United States Attorney's Office
Middle District of Florida – Orlando Division
400 West Washington Street, Suite 3100
Orlando, FL 32801
Florida Bar No. 0053032
Tel: (407) 648-7500
Fax: (407) 648-7643
E-mail: tiffany.nick@usdoj.gov

/s/ Sameena Shina Majeed
SAMEENA SHINA MAJEED
Chief
Housing and Civil Enforcement Section

/s/ Elizabeth A. Singer
ELIZABETH A. SINGER
Director
U.S. Attorneys' Fair Housing Program
Housing and Civil Enforcement Section

/s/ Tanya Ilona Kirwan
TANYA ILONA KIRWAN, MD Bar
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
4 Constitution Square
150 M Street, N.E., Suite 8.125
Washington, D.C.  20530
Email: tanya.kirwan@usdoj.gov
Tel: 202-305-4973
Fax: 202-514-1116

11

For Defendant ASAP Towing & Storage Company:

ASAP TOWING & STORAGE COMPANY

By: _Vincent Serrano_ _____
Vincent Serrano, President

STATE OF FLORIDA
COUNTY OF DUVAL

**BEFORE ME**, the undersigned authority, personally appeared Vincent Serrano, President of ASAP Towing & Storage Company, to me personally known, and who being first duly sworn, deposes and says that he has signed the foregoing Consent Order freely and voluntarily.

Sworn to and subscribed before me, this 4th day of September, 2020.

_Karen B Moon_ _____
Notary Public, State and County aforesaid
My commission expires:

August 30, 2022

KAREN B. MOON
MY COMMISSION # GG 212913
EXPIRES: August 30, 2022
Bonded Thru Notary Public Underwriters

12

<u>EXHIBIT A</u>

## IMPORTANT NOTICE TO MILITARY SERVICEMEMBERS ABOUT YOUR RIGHTS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT

ASAP Towing & Storage Company has presented you with the attached waiver of rights and protections that may be applicable to you under the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, *et seq*. (the "SCRA"). The SCRA provides military personnel and their dependents with a wide range of legal and financial protections. Among other benefits and protections, the SCRA:

- Prevents towing companies from selling or disposing of a servicemember's vehicle or personal property without a court order during any period of active duty or for 90 days thereafter;
- Requires that a court review and approve any action by a towing company to enforce a lien on the vehicle or property of any protected servicemember;
- Allows the court to stay the proceeding for a period of time as justice and equity require, or to adjust the obligation to the towing company in light of the servicemember's military service; and
- Requires that the court appoint an attorney to represent any servicemember who does not make an appearance in the case.

If you choose to sign the waiver, ASAP Towing & Storage Company may auction or dispose of your vehicle and property without having a court review and approve its actions. If you do not sign this waiver, ASAP Towing & Storage Company will not be able to sell or dispose of your vehicle and property without having a court review and approve of its actions.

**Before waiving these important statutory rights, you should consult an attorney regarding how best to exercise your rights and whether it is in your interest to waive these rights under the conditions offered by ASAP Towing & Storage Company.**

**For More Information:**

- CONSULT AN ATTORNEY: To fully understand your rights under the law, and before waiving your rights, you may wish to consult an attorney.
- JAG / LEGAL ASSISTANCE: Servicemembers and their dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil.
- MILITARY ONESOURCE: "Military OneSource" is the U.S. Department of Defense's information resource. Go to http://www.militaryonesource.com.

**WAIVER OF RIGHTS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT**

Please read the attached **IMPORTANT NOTICE TO MILITARY SERVICEMEMBERS ABOUT YOUR RIGHTS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT** before executing this waiver.  I, _____ , am/was a servicemember with the (name) (branch/unit of military), and I am aware that I have protections available to me under the Servicemembers Civil Relief Act ("SCRA").  This includes, but is not limited to, legal rights relating to the foreclosure or enforcement of a lien on the property or effects of a servicemember during any period of military service and 90 days thereafter without court-ordered permission.

I am the registered owner of the following described motor vehicle:

Make:
Year:
Model:
VIN:

By signing this waiver, I acknowledge and agree that:

- I have read and understood the attached **IMPORTANT NOTICE TO MILITARY SERVICEMEMBERS ABOUT YOUR RIGHTS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT.**

- I am waiving the SCRA protections related to the property listed above, including any protections against the sale or disposal of the motor vehicle.  I agree to the application of any proceeds from the sale of the property listed above towards any fees and expenses related to the sale, and to storage expenses claimed.  However, I retain the right to claim any proceeds from the sale of the property listed above that are above and beyond any sums owed to, or claimed by, ASAP Towing & Storage Company.

- This waiver applies to any form of proceeding or transaction through which someone else receives ownership and/or possession of the motor vehicle, or any part thereof, or its disposal.  By signing this waiver, I am voluntarily surrendering ownership, title, interest and rights to the motor vehicle, and its disposition, whether by public sale, destruction or otherwise.

- This waiver does not affect any loan or debt that I may owe on the motor vehicle to a third party, or any citation issued by any law enforcement agency, or any fees, costs or fines associated with said citation.

- In exchange for waiving my SCRA rights with respect to this property, ASAP Towing & Storage Company agrees to waive the recovery of any fees and costs relating to the towing, storage, sale or disposal of my motor vehicle against me.

- This waiver is made voluntarily, without coercion, duress, or compulsion.  I understand the terms of this waiver of rights, and acknowledge I was advised to consult with an attorney regarding this waiver of rights and the protections afforded by the SCRA.

Dated: _____, 20____

By: _____ (Registered Owner – Print Name)

Signature: _____ (Registered Owner)

Dated: _____, 20____

By: _____ (Authorized Agent of ASAP Towing & Storage Company – Print Name)

Signature: _____ (Authorized Agent of ASAP Towing & Storage Company )

15

<u>EXHIBIT B</u>

**EMPLOYEE ACKNOWLEDGMENT**

      I acknowledge that on _____ \_\_\_\_, 20\_\_, I was provided training regarding Servicemembers Civil Relief Act (SCRA) compliance and copies of the SCRA Policies and Procedures which are applicable to my duties.*I have read and understand these documents and have had my questions about these documents and the SCRA answered.  I understand my legal responsibilities and shall comply with those responsibilities.

 

_____

[PRINT NAME, JOB TITLE]

 

_____

[SIGNATURE]

\* I was also provided a copy of the Consent Order entered in the case captioned <u>United States of America v ASAP Towing & Storage Company</u>, Civil Action No. 3:20cv-J-34-MCR, in the United States District Court for the Middle District of Florida.

16

EXHIBIT C

**RELEASE**

      In consideration for the Parties' agreement to the terms of the Consent Order resolving the United States' allegations in *United States v. ASAP Towing & Storage Company*, Civil No. _____ (M.D. Fla.) and payment to me of $_____, I, _____, hereby release and forever discharge all claims, arising prior to the date of this Release, related to the facts at issue in the litigation referenced above that pertain to alleged violations of Section 3958 of the Servicemembers Civil Relief Act, 50 U.S.C. § 3953, that I may have against ASAP Towing & Storage Company, and all related entities, parents, predecessors, successors, subsidiaries, and affiliates and all of their past and present directors, officers, agents, managers, supervisors, shareholders, and employees and their heirs, executors, administrators, successors or assigns.  I do not release any other claims that I may have against ASAP Towing & Storage Company under any other section of the Servicemembers Civil Relief Act.

Executed this _____ day of _____, 20___.

SIGNATURE: _____

PRINT NAME: _____

MAILING ADDRESS: _____

_____

PHONE:_____

EMAIL:_____

17